UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DUWAYNE WILLIAM OTTO,                           CIVIL NO. 15-0624 (SRN/JSM)

      Petitioner,

v.                                                              REPORT AND RECOMMENDATION

HENNEPIN COUNTY and TOM ROY,

      Respondents.

JANIE S. MAYERON, United States Magistrate Judge

      Petitioner DuWayne William Otto, a Minnesota state prisoner, has filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the

Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts.[1]  Based on that review, this Court

recommends that Otto's petition be denied and that this action be dismissed.

      Otto was arrested on September 11, 2011 for driving while intoxicated ("DWI").

*See* Petition at 5 [Docket No. 1].  At the time he was arrested, Otto was on conditional

release for a previous offense.  *Id.*  Otto attests in his petition that his conditional

release was revoked as a result of the DWI arrest and that he was returned to prison for

the earlier offense.  *Id.*  Two months later, while being detained at the Minnesota

Correctional Facility and Lino Lakes, Minnesota, Otto was charged with First Degree

DWI.  *Id.*  He remained in custody pending trial, although it is unclear from Otto's

---

[1]     Rule 4 provides that "[t]he clerk must promptly forward the petition to a judge
under the court's assignment procedure, and the judge must promptly examine it.  If it
plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court, the judge must dismiss the petition and direct the
clerk to notify the petitioner."

habeas petition whether that continued custody was due to the upcoming trial, or to the revocation of conditional release for the previous offense. *Id.* Otto proceeded to trial in June 2012, but the jury failed to return a unanimous verdict. *Id.* The Hennepin County Attorney's Office offered Otto a plea agreement in March 2013, which Otto accepted. On September 6, 2013, Otto was sentenced to a 60-month term of imprisonment with five years of conditional release to follow. *Id.* at 1.

Otto attests that no notice of appeal was filed by his attorney following sentencing and the entry of judgment. *Id.* at 2, 5. However, the Case Management System maintained by the Minnesota Appellate Courts indicates that Otto filed a notice of appeal the same day that judgment was entered in his case (September 6, 2013). The parties entered a notice of voluntary dismissal with the Minnesota Court of Appeals on March 28, 2014. Otto's appeal was dismissed three days later. At no time was Otto's appeal presented to the Minnesota Supreme Court for review.

In his habeas petition, Otto alleges that his sentence was illegally imposed consecutively to the sentence for which his conditional release was revoked following the September 2011 arrest. *See* Petition at 5. Otto also suggests that his attorneys provided ineffective assistance of counsel by telling him if he plead guilty to the DWI, he would be given a one-year sentence and probation. Otto also claims he was coerced into pleading guilty. *Id.* at 7.

As an initial matter, if Otto were correct that no notice of appeal had been filed in this case, his habeas petition would be barred by the statute of limitations. Under 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) Otto does not allege that there was ever any impediment to his seeking habeas relief; (2) Otto is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Otto's claims are not predicated on any new factual discovery.

Under § 2244(d)(1)(A), then, Otto was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Judgment was entered in Otto's criminal case on September 6, 2013.  If no notice of appeal had been filed (as Otto contends in his petition), then that judgment would have become final

90 days later, or on December 5, 2013.  *See* Minn. R. Crim P. 28.05, subd. 1.  Otto's

federal habeas petition, which was placed in the prison mailbox on February 25, 2015,

and filed with the Court on March 2, 2015, would thus be too late.  However, because it

appears that Otto did in fact file a notice of appeal with the Minnesota Court of Appeals

(despite his averments to the contrary), and because the appeal was not dismissed until

March 2014, Otto's habeas petition was in fact timely filed.

That said, a federal court cannot entertain a habeas corpus petition filed by a

state prisoner unless the prisoner has exhausted all available state court remedies for

all of his claims.  *See* 28 U.S.C. § 2254(b) and (c).  To satisfy the exhaustion of state

court remedies requirement, the prisoner must show that all of his federal constitutional

claims have been fairly presented to, and decided on the merits by, the highest

available state court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because

the exhaustion doctrine is designed to give the state courts a full and fair opportunity to

resolve federal constitutional claims before those claims are presented to the federal

courts . . . state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established

appellate review process.").  This requirement is explained by the United States

Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state
> prisoner must exhaust available state remedies, 28 U.S.C.
> § 2254(b)(1), thereby giving the State the opportunity to pass
> upon and correct alleged violations of its prisoners' federal
> rights.  To provide the State with the necessary opportunity,
> the prisoner must fairly present his claim in each appropriate
> state court (including a state supreme court with powers of
> discretionary review), thereby alerting that court to the
> federal nature of the claim.

4

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

It does not appear that the claims raised by Otto in his habeas petition have ever been addressed by the Minnesota Court of Appeals or the Minnesota Supreme Court. Otto's appeal was voluntarily dismissed before the Minnesota Court of Appeals had the opportunity to address the substantive issues raised in that appeal, and the Minnesota Supreme Court was never presented with those issues on direct appeal. Moreover, there is no indication that Otto has ever filed a motion for post-conviction relief in Minnesota state court by which the Minnesota Supreme Court could have had the opportunity to address the issues raised in the habeas petition. *See* Petition at 3.

There are two limited exceptions to the requirement that a habeas petitioner first exhaust state remedies, *see* 28 U.S.C. § 2254(b)(1)(B), but neither exception applies here. First, there is no indication that state remedies were not available to Otto. Indeed, Otto in fact appealed his conviction, but voluntarily dismissed that appeal before any of the issues raised by him could be addressed by the Minnesota Court of Appeals. Second, Otto provides no reason for this Court to conclude that he could have raised his claims for relief before the Minnesota Court of Appeals or the Minnesota Supreme Court had he attempted to do so.

Because Otto has failed to exhaust state remedies, and because no exception to the exhaustion requirement applies in this case, this Court recommends that Otto's habeas petition be denied. This Court recommends that the petition be denied without prejudice, however, as is unclear from the record before this Court whether Otto may

still avail himself of state remedies for the claims raised in his petition. *See* Minn. Stat. § 590.01 (Minnesota post-conviction remedies statute). If such state remedies remain available to Otto, then it is possible that Otto may re-raise the issues in a new federal habeas petition filed after he has fully exhausted the remedies made available to him by the State of Minnesota. Otto is warned, however, that the limitations period set by § 2244(d) is nearing expiration, and thus any petition for post-conviction review in state court should be filed sooner rather than later if Otto hopes to bring a federal habeas petition in the future.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Otto's current habeas corpus petition differently than it is being treated here. Otto has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Otto should not be granted a COA in this matter.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1.    The petition for a writ of habeas corpus of petitioner DuWayne William

Otto [Docket No. 1] be DENIED WITHOUT PREJUDICE.

2.    This action be DISMISSED.

3.    No certificate of appealability be issued.

Dated:     March 19, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 2, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals